[Crim. No. 13817. Fourth Dist., Div. One. July 27, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD JAMES MOONEY, Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Lynda A. Romero, Deputy State Public Defender, and Mary Howell for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Michael D. Wellington and Raquel M. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**WORK, J.**—Convicted of burgling a motor vehicle (Pen. Code, § 459),[1] Ronald James Mooney claims he was prejudiced by the court refusing his request to instruct the jury auto tampering (Veh. Code, § 10852) is a lesser included offense of that crime.[2] We reverse because, on the facts of this case, the trial court should have given the requested instruction.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] Mooney also claims the trial court abused its discretion at sentencing by basing its sentence partly on the fact he was a welfare recipient, and requests we delete the reference to prior offenses under section 667.5 from the abstract of judgment. We do not reach these issues.

*Factual Background*

Caroline Sue Clark drove her Dodge van to the parking lot of the Torrey Pines Golf Course where, upon exiting, she rolled up the windows and locked all doors.

While Clark was golfing, one person in the foursome noticed the door to her van, open. When Mooney was found inside, he stated he had not taken anything and started to run. Simultaneously, a green van parked alongside Clark's sped away. Clark found the passenger door unlocked and the contents of two purses strewn on the floorboard.

Mooney testified he drove to the golf course with a friend. While walking, he saw purses on the floorboard of Clark's van and noticed the passenger window rolled down. Seeing no one in the vicinity, he opened the *unlocked* door and entered with the intent to steal. No apparent damage was done to the doors or windows of the vehicle and there was no evidence of forced entry.

*Auto Tampering Is a Crime Within Vehicular Burglary*

■ Where the charged offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense. (*People* v. *Pendleton* (1979) 25 Cal.3d 371, 382 [158 Cal.Rptr. 343, 599 P.2d 649].)

Section 459 states in pertinent part: "Every person who enters any . . . vehicle as defined by the Vehicle Code when the doors of such vehicle are locked . . . with intent to commit grand or petit larceny or any felony is guilty of burglary."

■ Mooney claims Clark's van was unlocked when he entered and therefore he could not have burgled, although he may be guilty of misdemeanor auto tampering. In the absence of any instruction advising the jurors on the misdemeanor, they were faced with convicting him of burglary or acquitting him entirely in spite of his admitted larcenous intent and unlawful entry. He quite rightly suggests human nature tilts toward the former option. "No person shall either individually or in association with one or more other persons, wilfully injure or tamper with any vehicle or the contents thereof or break or remove any part of a vehicle without the consent of the owner." (Veh. Code, § 10852.)

This section proscribes alternative types of conduct: "(1) tampering with or injuring the vehicle *as a whole,* or (2) breaking or removing individual

*parts* of the vehicle" *(People* v. *Anderson* (1975) 15 Cal.3d 806, 810 [126 Cal.Rptr. 235, 543 P.2d 603]), and (3) injuring *or* tampering with the contents of a vehicle.

In *Anderson,* the defendant appealed his conviction of tampering with a vehicle when, after a jury found him guilty of grand-theft auto, the trial court entered judgment for the lesser offense of tampering. Anderson argued Vehicle Code section 10852 merely encompassed the stealing or damaging of car parts and not the whole car. The court's discussion therefore was limited to determining whether the statute applied to the entire car or merely individual parts.

To tamper is to "interfere with." *(People* v. *Anderson, supra,* 15 Cal.3d 806, 810.) Interference, however, is much broader than merely damaging a vehicle, it includes "any act inconsistent with the ownership thereof." *(Ibid.)* Another common usage of the term tampering is "to alter improperly." (The American Heritage Dict. of the English Language (new college ed. 1979) p. 1314, col. 1.)

The People contend one can burgle a vehicle without tampering with it and that Mooney did so here because he neither intended to steal the van nor did he damage its interior furnishings.

At common law no burglary could be accomplished without a "breaking" accompanied by the entry into the object to be burgled. *(People* v. *Hickok* (1961) 198 Cal.App.2d 442, 444 [17 Cal.Rptr. 875].) By statute, a forcible or nonconsensual "breaking" into most structures identified in section 459 is no longer required to establish burglary of those designated items. *(People* v. *Talbot* (1966) 64 Cal.2d 691, 700 [51 Cal.Rptr. 417, 414 P.2d 633], overruled on other grounds in *People* v. *Wilson* (1969) 1 Cal.3d 431, 442 [82 Cal.Rptr. 494, 462 P.2d 22], and *People* v. *Ireland* (1969) 70 Cal.2d 522, 540 [75 Cal.Rptr. 188, 450 P.2d 580, 40 A.L.R.3d 1323].) The single statutory exception is a "vehicle" as defined by the Vehicle Code. In order to commit auto burglary the vehicle must be locked and entry made without consent of the owner. *(In re Charles G.* (1979) 95 Cal.App.3d 62, 65 [156 Cal.Rptr. 832].) Unlawful entry into a locked vehicle interferes with another's property. It is an act inconsistent with ownership and thus, tampering. Further, because auto burglary can be committed only by entering a *locked* vehicle without the owner's consent, it is only accomplished by altering the vehicle's physical condition; at worst, by smashing a window, at best, by illegally unlocking it. These extremes, as well as other possible types of forcible entries, necessarily involve unlawfully altering the vehicle's locked state. Accordingly, one cannot burgle a vehicle without tampering with it, and by definition Vehicle Code section 10852 defines a lesser included of-

fense. In so holding, we must also decide whether Mooney was entitled to receive jury instructions on the lesser included offense as requested.

" 'It is settled that in criminal cases, even in the absence of a request, the trial court must instruct on the general principles of law relevant to the issues raised by the evidence. [Citations.] The general principles of law governing the case are those principles closely and openly connected with the facts before the court, and which are necessary for the jury's understanding of the case.' [Citation.] That obligation has been held to include giving instructions on lesser included offenses when the evidence raises a question as to whether all of the elements of the charged offense were present [citation], but not when there is no evidence that the offense was less than that charged. [Citations.]" (*People* v. *Sedeno* (1974) 10 Cal.3d 703, 715 [112 Cal.Rptr. 1, 518 P.2d 913], overruled on other grounds in *People* v. *Flannel* (1979) 25 Cal.3d 668, 684-685, fn. 12 [160 Cal.Rptr. 84, 603 P.2d 1].)

Mooney does not contend he could properly be convicted of the misdemeanor *if* the jurors found he entered a locked vehicle. Nor could he, for if that finding were made, he could only be convicted of burglary because he testified he entered to steal. ■ Were there no evidence to raise a reasonable doubt whether the van was locked, there would be no error for the court need not instruct on lesser included offenses where substantial evidence would support only a verdict of guilt on the greater charge. (*People* v. *Ramos* (1982) 30 Cal.3d 553, 582 [180 Cal.Rptr. 266, 639 P.2d 908], reversed on other grounds in *California* v. *Ramos* (1983) 463 U.S. 992 [77 L.Ed.2d 1171, 103 S.Ct. 3446].

■ Here, Mooney's testimony the door was unlocked when he arrived is consistent with there being no evidence of damage or of forced entry. Although the jury is free to believe otherwise, we cannot say, as a matter of law, his version could never be accepted by a reasonable juror, or at least raise a reasonable doubt. (See *People* v. *Carmen* (1951) 36 Cal.2d 768, 773 [228 P.2d 281].)

In a practical sense, opening the door of an unlocked vehicle to facilitate a nonconsensual entry to commit theft both interferes with the owner's right to possession and improperly alters the closed state of the vehicle. Factually, by spilling the purse contents, Mooney tampered with the "contents" of the vehicle. Failure to give the requested instruction placed the jury in the position of having to make that "unwarranted all or nothing choice" which tends to produce verdicts either more lenient or more harsh than the evi-

dence merits. (See *People* v. *Wickersham* (1982) 32 Cal.3d 307, 323-324 [185 Cal.Rptr. 436, 650 P.2d 311].)

Judgment reversed.

Wiener, Acting P. J., and Butler, J., concurred.