[No. A058390. First Dist., Div. Three. June 25, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
BILLY TRIMBLE, Defendant and Appellant.

**COUNSEL**

Lanny Jay, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Ronald E. Niver and Clifford K. Thompson, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MERRILL, J.**—Appellant Billy Trimble appeals from his conviction of one count of second degree burglary of a trailer coach. (Pen. Code, § 459.) He contends on appeal that the trial court was in error in failing to instruct the jury that for the appellant to be guilty of burglary the jurors must find that the trailer coach was locked. Additionally, he claims the trial court erred in not instructing the jury on the lesser offense of auto tampering. We affirm.

I.

FACTS

We set forth the facts to the limited extent necessary to determine the issues on appeal.

Appellant was convicted of burglary of a trailer coach which was located at a construction site and was used as the contractor's office. Appellant was a former employee of the contractor. The trailer coach had two entrances; one door secured by a dead bolt and double doors which could be unlocked from the outside with a key. The building project superintendent testified that on January 13, 1992, he made sure the trailer coach was "locked front

and back" before he left work. When he returned the next morning, he discovered that two boxes of metal construction stakes, used to support forms when pouring concrete, were missing from the trailer coach. An employee of the contractor, who lives adjacent to the construction site, testified that on the evening in question he saw appellant drive toward the trailer coach in his pickup truck. He did not see appellant enter the trailer coach, but did observe him drive away with a long wooden box in the back of his truck. He recognized it as being one of the boxes used on the job site to hold metal construction stakes.

Deputy Sheriff Bushnell investigated the incident and spoke with the building project superintendent. There were certain inconsistencies between Bushnell's testimony at the preliminary hearing and his trial testimony regarding whether the building project superintendent told him that the trailer coach was locked or unlocked. Based on this, appellant argued to the trial court that there was evidence which would support a finding by the jury that the trailer coach was unlocked.

## II.

### DISCUSSION

#### A. *Elements of the Offense*

Appellant contends that the trial court failed to instruct the jury on an essential element of burglary of a trailer coach: that the trailer coach be locked. He argues that, under Penal Code section 459, a trailer coach must be locked in order to be burglarized. We disagree.

Penal Code section 459 provides in part that: "Every person who enters any house, . . . railroad car, locked or sealed cargo container, whether or not mounted on a vehicle, *trailer coach, as defined in Section 635 of the Vehicle Code,* any house car, as defined in Section 362 of the Vehicle Code, inhabited camper, as defined in Section 243 of the Vehicle Code, *vehicle as defined by the Vehicle Code, when the doors are locked,* . . . with intent to commit grand or petit larceny or any felony is guilty of burglary." (Italics added.)

Appellant urges that the phrase in the statute "vehicle as defined by the Vehicle Code, when the doors are locked" must be construed to encompass

trailer coaches. Appellant bases this position on the fact that the Vehicle Code states that a trailer coach is a vehicle.[1]

Statutory provisions should be construed so as to avoid conflict, if reasonably possible. (*Izazaga* v. *Superior Court* (1991) 54 Cal.3d 356, 371 [285 Cal.Rptr. 231, 815 P.2d 304].) A single word or sentence should not be read in isolation, but "in the light of the statutory scheme." (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) It is the legal intendment that each clause has been inserted "for some useful purpose, and when rightly understood has some practical operation." (*People* v. *Zolotoff* (1941) 48 Cal.App.2d 360, 364 [119 P.2d 745].) An interpretation of a statute which would render some terms surplusage should be avoided. (*People* v. *Costa* (1991) 1 Cal.App.4th 1201, 1206 [2 Cal.Rptr.2d 720].) "[S]pecial provisions control more general provisions, and the general and special provisions operate together, neither working the repeal of the other." (*People* v. *Western Air Lines, Inc.* (1954) 42 Cal.2d 621, 637 [268 P.2d 723]; see *Bowens* v. *Superior Court* (1991) 1 Cal.4th 36, 45 [2 Cal.Rptr.2d 376, 820 P.2d 600].)

While it is true that the Vehicle Code states that a trailer coach is a vehicle, the term "vehicles as defined by the Vehicle Code," as used in Penal Code section 459, is a general designation and classification. By adding a special provision regarding trailer coaches, the Legislature clearly intended to treat burglary of trailer coaches differently from burglary of other vehicles.[2] The court in *In re Lamont R.* (1988) 200 Cal.App.3d 244 [245 Cal.Rptr. 870], recognized that section 459 distinguishes between vehicles in general and the defined class of vehicles which need not be locked to be burglarized.[3] The court stated that "[t]he crime of burglary is committed when a person, with the requisite intent, enters a dwelling *or a defined class of vehicles, whether locked or unlocked.* But the Legislature specifically required locking as an essential element of common vehicular burglary." (200 Cal.App.3d at p. 247, italics added.)

Were we to adopt appellant's interpretation of section 459, the Legislature's addition of trailer coaches to the list of structures which can be

---

[1]Vehicle Code section 635 provides in part: "A 'trailer coach' is a vehicle, other than a motor vehicle, designed for human habitation or human occupancy for industrial, professional, or commercial purposes, for carrying property on its own structure, and for being drawn by a motor vehicle."

[2]Likewise, the Legislature's specific reference to trailer coaches in Penal Code section 460, regarding degrees of burglary, evidences its intent to treat burglary of trailer coaches in a manner different from burglary of other vehicles.

[3]The only issue in *In re Lamont R.* was whether or not a "Santa Fe trailer loaded with cases of wine" was locked, not whether the statute required that such a trailer be locked in order to be burglarized. (*In re Lamont R., supra,* 200 Cal.App.3d at p. 246.)

burglarized would be meaningless. If the Legislature intended that section 459 apply only to locked trailer coaches, then it need not have specifically enumerated trailer coaches in the statute. The special provision in section 459 regarding trailer coaches controls the more general provision providing that "vehicles" be locked.[4] Trailer coaches need not be locked in order to be burglarized under the statute.

## B. *Lesser Included Offense*

■ Appellant also claims that the trial court erred in failing to instruct the jury regarding auto tampering as a lesser included offense of vehicular burglary. ■ It is well settled that "the trial court need not, even if requested, instruct the jury on the existence and definition of a lesser and included offense if the evidence was such that the defendant, if guilty at all, was guilty of the greater offense." (*People* v. *Kelly* (1990) 51 Cal.3d 931, 959 [275 Cal.Rptr. 160, 800 P.2d 516].) Where a defendant "denies any complicity in the crime charged, and thus lays no foundation for any verdict intermediate between 'not guilty' and 'guilty as charged' . . . [¶] . . . it is error to so instruct [on the lesser offense] because to do so would violate the fundamental rule that instructions must be pertinent to the evidence in the case at bar." (*People* v. *Morrison* (1964) 228 Cal.App.2d 707, 712-713 [39 Cal.Rptr. 874].)

■ Here, appellant's defense was that he committed no offense what-soever. He testified that he had not been to the trailer coach since "[b]efore Christmas." Nothing in the evidence suggested that appellant may have merely tampered with the trailer coach rather than burglarizing it. If appellant was guilty of anything, he was guilty of burglary, whether or not the trailer coach was locked. Because a trailer coach need not be locked in order to be burglarized, any conflicting evidence regarding whether the trailer coach was locked did not require the trial court to instruct the jury on auto tampering.[5] Under the circumstances, the trial court did not err in failing to instruct the jury, sua sponte, on auto tampering.

---

[4]Contrary to appellant's further contention, the modifying phrase "when the doors are locked" refers only to "vehicle," which immediately precedes it. It does not refer back to "trailer coach." Modifying phrases generally are to be applied to the words immediately preceding them and are not to be construed as extending to more remote phrases. (*People* v. *Corey* (1978) 21 Cal.3d 738, 742 [147 Cal.Rptr. 639, 581 P.2d 644].)

[5]*People* v. *Mooney* (1983) 145 Cal.App.3d 502 [193 Cal.Rptr. 381], cited by appellant, does not require a different result. In that case, defendant was charged with burglary of a van pursuant to section 459. Defendant testified that he entered the unlocked van with the intent to steal, but the owner of the van testified that it was locked. The court found that an instruction regarding auto tampering was required because entering a van when the doors are locked was an element of the charged offense and there was conflicting evidence regarding whether the van was locked. (*Id.*, at p. 506.) If the jury found that the van was unlocked, then

The judgment is affirmed.

White, P. J., and Chin, J., concurred.

---

defendant would be guilty only of auto tampering. Appellant's reliance on *Mooney* in the case at bench is misplaced. In our case, establishing that the trailer coach was locked, was not a necessary element of the charged offense.