[No. B100703. Second Dist., Div. One. Sept. 25, 1996.]

In re YOUNG K., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
YOUNG K., Defendant and Appellant.

COUNSEL

S. Renée Lewis, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Susan D. Martynec and William H. Davis, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**VOGEL (Miriam A.), J.—** (1) Young K. drove the get-away car for two friends who removed the headlights from a parked car. This resulted in a petition alleging that Young had committed vehicular burglary (Pen. Code, § 459),[1] receiving stolen property (§ 496, subd. (a)), and misdemeanor auto tampering (Veh. Code, § 10852). The petition was sustained and Young

---

[1]Unless otherwise stated, all section references are to the Penal Code.

appeals, contending that "entry into the headlamp housings of an automobile to steal its headlamps" is not an "entry into a vehicle" within the meaning of section 459. We agree.

## DISCUSSION

As relevant, section 459 provides that "[e]very person who *enters any . . . vehicle . . . when the doors are locked . . .* with [the] intent to commit grand or petit larceny or any felony is guilty of burglary." (Italics added.) Under existing case law, an entry within the meaning of section 459 includes just about any entry into an *interior section* of a *locked vehicle* with the requisite intent, including an entry through a door, window, or trunk. (*People v. Malcolm* (1975) 47 Cal.App.3d 217 [120 Cal.Rptr. 667] [closed wind-wing section of window of locked car]; *People v. Blalock* (1971) 20 Cal.App.3d 1078 [98 Cal.Rptr. 231] [locked trunk]; *People v. Massie* (1966) 241 Cal.App.2d 812 [51 Cal.Rptr. 18] [locked semi-trailer]; *People v. Toomes* (1957) 148 Cal.App.2d 465 [306 P.2d 953] [locked trunk].) Clearly, a headlamp housing is a horse of a different color.

According to Young, his offense does not qualify as a burglary because an auto burglary occurs only when the vehicle is locked and entry is accomplished "at worst by smashing a window, at best, by illegally unlocking it. These extremes, as well as other possible types of forcible entries, *necessarily involve unlawfully altering the vehicle's locked state*." (*People v. Mooney* (1983) 145 Cal.App.3d 502, 505 [193 Cal.Rptr. 381], italics added.)[2] According to the People, a forced entry into a headlamp housing with the intent to steal headlamps qualifies as an auto burglary, on one of two theories— either because this entry is akin to an entry into the "boundary" of a building in that it "passes the line of the threshold" of the vehicle (e.g., *People v. Ravenscroft* (1988) 198 Cal.App.3d 639, 643-644 [243 Cal.Rptr. 827] [insertion of ATM card into ATM machine is an entry into the bank]; *People v. Franco* (1926) 79 Cal.App. 682 [250 P. 698] [entry into outside showcase]), or because this entry intrudes upon the "reasonable expectations" of the owner of the property (e.g., *People v. Nible* (1988) 200 Cal.App.3d 838, 843-844 [246 Cal.Rptr. 119] [finding the inhabitants' expectation of security was violated by penetration of a window screen]).

---

[2]In *Mooney,* where the evidence suggested the defendant entered an unlocked car, Division One of the Fourth District reversed an auto burglary conviction because the trial court had refused to instruct the jury on the lesser included offense of auto tampering. (*People v. Mooney, supra,* 145 Cal.App.3d at pp. 504-507.)

The flaw in the People's analogies is obvious. Under section 459, an entry into almost any four-sided structure is a burglary without regard to whether the structure was locked (*People* v. *Gibbons* (1928) 206 Cal. 112, 114 [273 P. 32]; *People* v. *Mackabee* (1989) 214 Cal.App.3d 1250, 1257 [263 Cal.Rptr. 183])—but an entry into a vehicle is a burglary only if the vehicle was locked. (§ 459; *People* v. *Mooney, supra,* 145 Cal.App.3d at p. 505 [a van must be locked for an unlawful entry to constitute a burglary]; *In re Charles G.* (1979) 95 Cal.App.3d 62, 65-66 [156 Cal.Rptr. 832] [if an entry is to qualify as auto burglary, a pickup truck must be locked]; compare *People* v. *Woods* (1980) 112 Cal.App.3d 226 [169 Cal.Rptr. 179] [entry through window deliberately left rolled down is not an entry into a locked vehicle and thus not a burglary].)[3] For this reason, we need not engage in the mental gymnastics required to dissect rules regarding boundaries, reasonable expectations, or antiquated curtilage concepts to decide whether an "entry" into a car's headlamp housings constitutes a burglary.

Unlike the car's interior or its trunk, headlamp housings can be "entered" without regard to whether the car is locked, and we view the theft of headlights the same as we would the theft of windshield wipers or hubcaps. These are thefts (or attempted thefts) or auto tampering or acts of vandalism, not burglaries. As Division Two of the First District put it in *In re Lamont R.* (1988) 200 Cal.App.3d 244, 247-248 [245 Cal.Rptr. 870], "[t]he language of section 459 shows that the Legislature intended it to be a more serious crime to enter a locked vehicle than an unlocked one. The crime of burglary is committed when a person, with the requisite intent, enters a dwelling or a defined class of vehicles, whether locked or unlocked. But the Legislature specifically required locking as an essential element of common vehicular burglary." What this means is that where a defendant "used no pressure," "broke no seal," *and* "disengaged no mechanism that could reasonably be called a lock," he is not guilty of auto burglary. (*Id.* at p. 248; see also *People* v. *Toomes, supra,* 148 Cal.App.2d at p. 467 [the purpose of section 459 is to "make it a more serious offense *to break into the interior* of a car"].)

---

[3]A trailer coach, like a house, need not be locked. (§ 459; *People* v. *Trimble* (1993) 16 Cal.App.4th 1255, 1258, 1260 [20 Cal.Rptr.2d 495].) Indeed, section 459 is quite specific about what has to be locked and what doesn't. A house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent or defined vessels or floating homes and railroad cars need *not* be locked; a cargo container, whether or not mounted on a vehicle, must be *locked or sealed*; defined house cars, trailer coaches, and inhabited campers need *not* be locked; vehicles "defined by the Vehicle Code" must be *locked*; defined aircraft and mines (and portions of mines) need *not* be locked. (§ 459.) Fortunately, resolution of the issue before us in this case does not require analysis of these distinctions.

## DISPOSITION

The finding that Young K. committed second degree burglary of a vehicle is reversed, and the judgment is affirmed in all other respects.

Spencer, P. J., and Ortega, J., concurred.