Filed 9/12/13  P. v. McClanahan CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>LEANDRE MCCLANAHAN,<br><br>        Defendant and Appellant. | A138215<br><br>(Solano County<br>Super. Ct. No. FCR280314) |

Defendant LeAndre McClanahan appealed after he was placed on probation following his conviction of one count of second degree burglary.  (Pen. Code, §§ 459, 460.)[1]  His counsel has asked this court for an independent review of the record to determine whether there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We find none and affirm.

McClanahan was tried on one count of first degree robbery (§§ 211, 212.5, subd. (b)) and one count of second degree burglary of an automobile (§§ 459, 460).  He admitted to tampering with a vehicle or its contents, a lesser-included offense of burglary of an automobile, and the jury was instructed on that offense.  (Veh. Code, § 10852; *People v. Mooney* (1983) 145 Cal.App.3d 502, 505.)  The jury returned a verdict of guilty on the burglary count but deadlocked on the robbery count.  The court declared a mistrial on the robbery count, and the People dismissed it.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

1

The evidence presented at McClanahan's trial supports the burglary conviction. The consolidated information[2] charged that on or about October 25, 2012, McClanahan unlawfully entered a car, a black Mustang, the doors of that car being locked, with the intent to "commit larceny and any felony." At trial, the Mustang's owner testified that on the night of October 25, she left the car locked in a mall parking lot. A witness called the police after he saw two men, one wearing jeans and a black sweatshirt and one wearing blue basketball shorts and a beanie, checking the door handles on other vehicles in the lot. The witness observed the man wearing basketball shorts break the Mustang's driver's side window, sit in the front seat, and open the trunk. Both men then searched the car's trunk. The witness saw police detain the men as they attempted to leave the scene. McClanahan, who was wearing jeans and a black sweatshirt, was one of the men detained.

In addition, a police officer discovered blood on the inside of the Mustang's passenger door, which was open. Blood and a Band-Aid wrapper were on the ground in front of the car. When arrested, McClanahan had a fresh cut covered by a Band-Aid on his hand.

At the sentencing hearing, the court denied McClanahan's request to reduce his conviction to a misdemeanor but indicated a willingness to reconsider if McClanahan was "fully compliant with probation." The court suspended imposition of a sentence and placed McClanahan on formal probation for three years, subject to various terms and conditions. He was also ordered to pay restitution to the Mustang's owner and several fines and fees.

---

[2] The People moved to consolidate four matters: two against both McClanahan and a codefendant, one against McClanahan only, and one against the codefendant only. McClanahan opposed and moved to sever his matters from those of his codefendant. The trial court consolidated the two cases against both defendants and denied the motion to sever, but determined that the cases against only one defendant would be tried separately. Later, on the People's motion, the court severed McClanahan's trial in the consolidated cases from the codefendant's.

There are no meritorious issues to be argued on appeal. McClanahan was represented by counsel throughout the proceedings, substantial evidence supports his conviction, and no error appears in the jury instructions or in the sentencing proceedings. The probation order is affirmed.

_____
Humes, J.

We concur:

_____
Ruvolo, P.J.

_____
Reardon, J.