Filed 12/21/20  P. v. Sumler CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B303176 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA457994) |
| v. | |
| ELAJAH SUMLER, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Ronald S. Coen, Judge.  Affirmed.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Elajah Sumler appeals from his conviction by jury of assault on a peace officer and resisting arrest. He contends his assault conviction is not supported by substantial evidence and the trial court erred in failing to instruct on the lesser included charge of simple assault, in denying his motion for mistrial and in denying his request for a waiver of fees and fines.

We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant was charged with one felony count of assaulting a peace officer (Pen. Code, § 245, subd. (c); count 1) and four misdemeanor counts of resisting or obstructing a peace officer or emergency medical technician (§ 148, subd. (a)(1); counts 2–5). It was also alleged defendant had suffered three prior convictions within the meaning of section 667.5, subdivision (b). The prison priors were struck by the court in light of the passage of Senate Bill 136 (2019–2020 Reg. Sess.).

The case was tried to a jury in November 2019. The testimony at trial established the following material facts.

In the early morning hours of June 3, 2017, Officer Adam Deckel of the Los Angeles Police Department was on patrol in Hollywood with his partner, Officer Ruben Vasquez. They periodically got out of their patrol car and patrolled on foot. After getting out of the car near the intersection of Las Palmas and Hollywood Boulevard, Officer Deckel noticed defendant nearby on the sidewalk, holding a cane. Officer Deckel recognized defendant, having seen him in the area at least twice before.

Defendant, who was about five to eight feet away, immediately looked at Officer Deckel with an angry, aggressive demeanor. He spit at Officer Deckel and said "Fuck you." Officer

2

Deckel felt "somewhat threatened," took a step back and told defendant he was not looking for a fight, trying to de-escalate the situation.

Defendant raised his cane over his head, took a step or two in Officer Deckel's direction, and began swinging the cane over his head and sometimes at shoulder level. The cane appeared to be metal, brown or tan in color and about four feet long. Defendant got to within about four feet of Officer Deckel. Fearing for his safety, Officer Deckel drew his weapon, but kept it pointing toward the ground, and called for backup.

Officer Vasquez noticed defendant was keenly focused on Officer Deckel, "sneering" at him. He saw defendant take a couple of steps in Officer Deckel's direction while swinging a metal cane, sometimes over his head, and sometimes in front of him like a baseball bat. Officer Vasquez was concerned about the situation escalating further, so he retrieved his shotgun that fired bean bag rounds.

At the sound of sirens approaching, defendant took off running down Hollywood Boulevard. Officer Deckel ran after him, as did Officer Vasquez. (Officer Vasquez believed defendant started running at the sound of him "racking" the bean bag shotgun.) Several additional officers who had arrived on scene also pursued defendant and assisted in apprehending him. Video of defendant being grabbed by the officers, falling to the ground and being handcuffed was played for the jury. Defendant struggled and kicked for a while before the officers were able to subdue him. Defendant refused to let go of his cane and it eventually snapped in half during the struggle. The surveillance video from a city street pole camera did not show the initial interaction between defendant and Officer Deckel.

Defendant testified that on June 3, 2017, he was performing on Hollywood Boulevard and hanging out with friends. He denied confronting Officer Deckel, spitting at him, cursing at him, swinging his cane at him or trying to attack him in any way. Defendant said he was just dancing down the sidewalk swinging his cane, which is part of his routine, and then all of sudden there were a lot of officers around, he "freaked out" and started running down the street and was eventually tackled to the ground. Defendant described his cane as a metal walking cane that was adjustable for the user's height. He said it was painted with a "cheetah print."

At the close of evidence, defendant moved to dismiss all charges for lack of evidence. The court denied the motion as to the assault charge (count 1) and two of the misdemeanor charges (counts 2 & 3) and granted the motion as to the remaining two misdemeanors (counts 4 & 5).

The jury found defendant guilty on all three counts. The court sentenced defendant to the midterm of four years on count 1 and concurrent one-year jail terms on counts 2 and 3.

The court imposed a $90 criminal conviction assessment (Gov. Code, § 70373), a $120 court operations assessment (Pen. Code, § 1465.8), and a $300 restitution fine (Pen. Code, § 1202.4, subd. (b)). The court imposed and stayed a parole revocation fine. Defense counsel, citing defendant's indigency, lack of history of employment and mental health issues, requested the court waive court fees and fines. The court denied the request. Defendant was credited with 1,499 days of presentence custody credits and ordered released.

This appeal followed.

## DISCUSSION

**1. Assault on a Peace Officer**

Defendant contends the evidence is insufficient to support a violation of Penal Code section 245, subdivision (c). We review the evidence according to the familiar standard. (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11 ["In assessing a claim of insufficiency of evidence, the reviewing court's task is to review the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—that is, evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt."].)

Defendant argues the cane he wielded was lightweight aluminum and not reasonably characterized as a deadly weapon or capable of inflicting great bodily injury. Defendant also argues he was not using it in a manner likely to cause death or serious injury as he was only swinging it over his head.

Officer Deckel testified he was not sure what type of metal the cane was made of and did not recall how heavy it felt—he only recalled touching it after defendant was detained and the cane was broken in half. Officer Vasquez testified the cane appeared to be "aluminum-ish," not super heavy like wrought iron, but a standard walking cane. There is no evidence the cane was "lightweight"; it was sturdy enough to support the weight of an adult using it for its intended purpose.

Moreover, defendant, a grown man, was swinging it back and forth above his head and at shoulder height directly at and within a few feet of Officer Deckel. The most likely place any blow would have landed was around Officer Deckel's head and face. Defendant did not strike Officer Deckel because his attack

5

was aborted when he stopped suddenly and fled, either at the sound of approaching sirens or the sound of Officer Vasquez racking the bean bag shotgun. The evidence is sufficient to support the conclusion that if the cane had struck Officer Deckel in the head or face, it would have caused serious injury.

*In re B.M.* (2018) 6 Cal.5th 528, 535 is instructive. "Although it is inappropriate to consider how the object could have been used as opposed to how it was actually used, it is appropriate in the deadly weapon inquiry to consider what harm could have resulted from the way the object was actually used. Analysis of whether the defendant's manner of using the object was likely to produce death or great bodily injury necessarily calls for an assessment of potential harm in light of the evidence. As noted, a mere possibility of serious injury is not enough. But the evidence may show that serious injury was likely, even if it did not come to pass."

Objects, like the cane at issue here, that are not considered "deadly per se, may be used, under certain circumstances, in a manner likely to produce death or great bodily injury. In determining whether an object not inherently deadly or dangerous is used as such, the trier of fact may consider the nature of the object, the manner in which it is used, and all other facts relevant to the issue." (*People v. Aguilar* (1997) 16 Cal.4th 1023, 1029.) The jury here concluded defendant used the cane in a manner that could have caused Officer Deckel serious injury and substantial evidence supports that conclusion.

## 2. Instruction on Lesser Included Charge

Defendant contends the trial court erred in denying his request to instruct the jury on simple assault. We disagree. (*People v. Avila* (2009) 46 Cal.4th 680, 705 [" 'we review

6

independently the question whether the trial court failed to instruct on a lesser included offense' "].)

"It is error for a trial court not to instruct on a lesser included offense when the evidence raises a question whether all of the elements of the charged offense were present, and the question is substantial enough to merit consideration by the jury. [Citation.] When there is no evidence the offense committed was less than that charged, the trial court is not required to instruct on the lesser included offense." (*People v. Booker* (2011) 51 Cal.4th 141, 181; *People v. McDaniel* (2008) 159 Cal.App.4th 736, 747 ["Absent substantial evidence" a court need not give lesser included instructions even if requested.].)

As explained in part 1 above, there was substantial evidence of an assault on Officer Deckel with a cane used in a manner likely to produce serious injury. There is no evidence of a simple assault.

Defendant denied having any confrontation with Officer Deckel or of behaving in any way consistent with an assault. Defendant steadfastly maintained on direct and cross-examination he did not swing his cane at the Officer, spit or curse at him, or otherwise attack him. Without evidence that defendant engaged in a simple assault, there was no basis for a simple assault instruction. (*People v. Trimble* (1993) 16 Cal.App.4th 1255, 1260 [where defendant denies complicity in charged offense, no error in not instructing on lesser included offenses].)

3.     **Motion for Mistrial**

Defendant argues the court prejudicially erred in failing to grant a mistrial because of Officer Deckel's testimony about a prior arrest of defendant.

7

Shortly after the start of his testimony, Officer Deckel said, "In the past, I had arrested [defendant], and there was a use of force involving officers." Defense counsel immediately objected and requested a sidebar. Outside the presence of the jury, the prosecutor confirmed she had advised her witnesses not to mention the prior arrest. Defense counsel requested a mistrial for Officer Deckel's violation of the court's order precluding reference to the prior arrest. The court denied the request for a mistrial. When the jurors returned, the court admonished them, explaining the reference to the prior arrest was stricken and they were not to consider it for any purpose.

Defendant argues the testimony, however brief, was unduly prejudicial and that its impact on the jury could not be cured by an instruction. We are not persuaded the court abused its discretion. (*People v. Harris* (2013) 57 Cal.4th 804, 848 (*Harris*); *People v. Navarrete* (2010) 181 Cal.App.4th 828, 834 [appellate court reviews for abuse a trial court's reliance on a curative instruction in denying request for mistrial].)

" ' " 'A mistrial should be granted if the court is apprised of prejudice that it judges incurable by admonition or instruction. [Citation.] Whether a particular incident is incurably prejudicial is by its nature a speculative matter, and the trial court is vested with considerable discretion in ruling on mistrial motions. . . .' [Citation.] A motion for a mistrial should be granted when ' " 'a [defendant's] chances of receiving a fair trial have been irreparably damaged.' " ' " [Citation.]' " (*Harris*, *supra*, 57 Cal.4th at p. 848.)

The trial court acted within its broad discretion in striking the statement by Officer Deckel and giving a curative instruction to the jury not to consider it. We are not convinced the brief

statement was so prejudicial that it irreparably damaged defendant's ability to have a fair trial.

**4.     Fees and Fines**

At the sentencing hearing, defendant requested the court waive or stay imposition of statutory fines and fees, citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). The court denied the request. We find no error.

Defendant asked to go forward with sentencing without expressly requesting an ability-to-pay hearing, no doubt because he was receiving a time served sentence. He simply submitted his request that the fees be waived on the evidence in the record. The evidence in the record was equivocal on whether defendant had the ability to pay. The amount imposed was $510. On one hand, defendant had been diagnosed in the past with severe mental illness. On the other, he was 27 years old and physically able-bodied, as he testified at trial he used the cane not only because his leg hurt, but also in his street performances. The record was silent on defendant's education, skills, and other work experience. Had defendant asked for a hearing, the People would have presented whatever evidence it had in support of its request that fines and fees be imposed.

## DISPOSITION

The judgment of conviction is affirmed.



                                   GRIMES, J.

WE CONCUR:




          BIGELOW, P. J.          STRATTON, J.

9