[Crim. No. 5780.   Second Dist., Div. Three.   Feb. 11, 1957.]

THE PEOPLE, Appellant, v. JOHN H. TOOMES et al., Respondents.

Edmund G. Brown, Attorney General, William E. James, Deputy Attorney General, William B. McKesson, District Attorney (Los Angeles), Jere J. Sullivan, Lewis Watnick and Fred N. Whichello, Deputy District Attorneys, for Appellant.

Ellery E. Cuff, Public Defender (Los Angeles), and Richard W. Erskine, Deputy Public Defender, for Respondents.

SHINN, P. J.—John H. Toomes and Philander Smith were accused of burglary and upon the preliminary hearing were committed for trial. They made a motion to set aside the information under section 995 of the Penal Code upon the ground that they had been committed without reasonable or probable cause. The motion was granted and the People appeal.

The evidence at the preliminary hearing established the following facts: Harry Bergerson parked his automobile on the street. He closed the windows and locked the doors. The trunk was locked. Defendants drove up in a car, parked alongside, opened the trunk with a tire iron rim and screw driver and took therefrom a spare tire mounted on a rim.

They were later apprehended with the rim and tire in question, and two others, in the trunk of their car and were placed under arrest.

The question on appeal is whether the defendants were guilty of burglary or only of theft. Section 459 of the Penal Code provides in part: ''Every person who enters any . . . vehicle as defined by said code when the doors of such vehicle are locked . . . with intent to commit grand or petit larceny or any felony is guilty of burglary.'' An automobile is such a vehicle. (Veh. Code, § 31.) It is the contention of defendants, which prevailed in the trial court, that the words, ''the doors of such vehicle are locked'' refer only to the side doors of an automobile and cannot reasonably be understood as including the cover of the trunk. Therefore, they argue that in order to constitute burglary there must be an unlawful entry into the section of the car that is entered through the side doors. They concede that if the lid or cover of a trunk is one of the doors of the vehicle within the meaning of section 459, and is locked, an entry into the trunk compartment for the purpose of committing a theft would constitute burglary. ''Door'' is defined in Webster's New International Dictionary, Second Edition, Unabridged: ''1. The movable frame or barrier of boards, or other material, usually turning on hinges or pivots or sliding, by which an entranceway into a house or apartment is closed and opened; also, a similar part of a piece of furniture, as in a cabinet or bookcase. 2. An opening in the wall of a house or of an apartment, by which to go in and out; an entranceway; a doorway. 3. Passage; means of approach or access.''

In deciding whether it was the intent of the Legislature in using the word ''doors'' that it should include only the side doors of a vehicle or also the lid or cover of the trunk, a most satisfactory guide to the legislative intention would be the apparent evils sought to be prevented, namely, the breaking into the interior sections of locked cars. Manifestly, making the offense a felony would tend to minimize the frequency of such unlawful acts. It is apparent that that purpose could not be adequately accomplished by denouncing as a felony entry by the breaking or opening of locks of the side doors without also making it an equally serious offense to enter a locked trunk compartment for the purpose of committing theft. The trunks or luggage compartments of automobiles are fitted with locks for the very reason that they furnish a convenient place for the carrying of things of value.

We think the word "door" better describes the top of a luggage compartment than would any of the words "top," "cover," or "lid." We do not associate hinges and locks with such coverings, but we do associate them with doors. And we have always understood that the entrance to a cellar is through a cellar door, even though it may lift upward instead of outward. There are, of course, many types of doors to small compartments, such as cupboard doors, which are entered only by reaching into them. There is room for difference of opinion whether the cover of a luggage compartment would generally be included in the term "doors" but we believe any doubts as to the meaning to be given it in construing the statute is removed when effect is given to the purpose of the statute, namely, to make it a more serious offense to break into the interior of a car than to merely steal something from it. We are therefore of the opinion that the act of entering the trunk of an automobile for the purpose of theft, when the door of the trunk and all other doors are locked is burglary. That is the only question for decision.

The order is reversed.

Wood (Parker), J., concurred.

VALLÉE, J.—I dissent. I cannot join in the majority's strained construction of the statute. I do not believe that the lid or cover of the trunk of an automobile is a door within the meaning of the statute. When the Legislature used the word "doors" I think it had in mind the side doors of the vehicle. Automobiles are commonly referred to as two-door cars and four-door cars—and the reference is to the side doors. Anyone reading the statute would naturally understand that it referred only to the side doors of a car. Words and phrases used in a statute must be construed according to the context and the approved usage of the language. (Pen. Code, § 7, subd. 16.) The cover of an ordinary trunk, which is lifted up as is the cover of the trunk of an automobile, is not commonly called a door. I would be interested to know whether the majority would construe the statute as including the hood of an automobile, which covers the motor and may be locked on some cars, as within the meaning of the word "door." If the Legislature had intended to include the lid or cover of a trunk compartment as one of the means of entrance which must be locked in order that an entrance

would constitute burglary, it would have added words to the definition of burglary which would include entry into a locked trunk. Furthermore, the statute requires that all doors be locked. If any one of them is left unlocked, entry for the purpose of theft would not constitute burglary. If the cover of a trunk is a "door" of the vehicle, and if the side doors are locked and the trunk is not, then breaking into the vehicle through the side doors would not constitute burglary and the statute would fall far short of its objective. Although the intentions of one bent on theft are the same whether he enters a locked trunk or through a side door of a car, and entering a trunk is equally reprehensible, these considerations do not warrant the courts in legislating and enlarging the definition of burglary beyond the reasonable and commonly understood meaning of the word which the Legislature has employed in defining the offense. If something has been left out of the statute which should have been included, it is a matter for the Legislature. As the statute now reads the evidence disclosed no more than the commission by the defendants of theft and the court did not err in dismissing the information. I would affirm the order.

A petition for a rehearing was denied March 13, 1957. Vallée, J., was of the opinion that the petition should be granted. The petition of respondent Philander Smith for a hearing by the Supreme Court was denied April 10, 1957.