HERNDON, J.
 

 This is an appeal from a judgment convicting appellant of a violation of section 459 of the Penal Code involving burglary of a motor vehicle. Appellant assigns only two errors:' (1) that the evidence was insufficient to establish the corpus delicti and therefore that evidence of appellant’s extrajudicial admissions was improperly admitted; and (2) that the trial court erred in failing to instruct the jury fully as to its duties.
 

 The first assignment is patently without merit. The corpus delicti is established when it has been proven that the crime charged was .committed; and proof that the crime was committed by the defendant is not required.
 
 (People
 
 v.
 
 Brooks,
 
 154 Cal.App.2d 631, 634 [316 P.2d 435];
 
 People
 
 v.
 
 Cobb,
 
 45 Cal.2d 158, 161 [287 P.2d 752].) The corpus delicti may be established by circumstantial evidence and inferences fairly and reasonably deducible therefrom. Direct or positive evidence is not essential; slight or prima facie evidence is sufficient.
 
 (People
 
 v.
 
 Burnham,
 
 194 Cal.App.2d 836, 840 [15 Cal.Rptr. 596].) Prima facie proof of the corpus delicti having been made, extrajudicial statements, admissions and confessions of a defendant may be considered in determining
 
 *805
 
 whether all elements of the crime have been established.
 
 (People
 
 v.
 
 Cooper,
 
 53 Cal.2d 755, 765 [3 Cal.Rptr. 148, 349 P.2d 964].)
 

 The victim, Robert C. Laird, testified clearly and definitely that the vehicle involved was locked when he and his wife left it in the parking lot of a grocery store. Their pedigreed dog was left in the locked car. No one was given permission to enter the car or take anything from it. When he returned to the car after their shopping, the doors were unlocked, the wind wing on the driver’s side was broken, small particles of broken glass were near the locking device, and the dog was missing. This testimony amply meets the requirements for establishing the corpus delicti here involved, i.e., the entry by someone into a vehicle when the doors of such vehicle are locked, with intent to commit grand or petit larceny. (Pen. Code, § 459.) By a process of reasoning which we are unable to follow, appellant relies upon
 
 People
 
 v.
 
 Burns,
 
 114 Cal.App.2d 566 [250 P.2d 619], in support of his contention regarding the sufficiency of the evidence. In that case there was
 
 no
 
 direct testimony that the doors of the vehicle involved were locked. The court there simply held that this deficiency could not be supplied by an implied admission in the face of an accusatory statement. Obviously, the
 
 Burns
 
 case has no application here.
 

 Subsequently, the dog was found in the possession of the codefendant’s girl friend, and after several interrogations, both the codefendant and appellant admitted that the dog had been taken from the victim’s vehicle by appellant after he had gained entrance by breaking open the wind wing with a screw driver. Whether these statements be regarded as admissions or as confessions is immaterial, their admissibility being unquestionable.
 

 Appellant’s contention with reference to the sufficiency of the jury instructions is equally without merit. The record does not indicate that the appellant requested even a single instruction. Failure to request additional instructions or a clarification of those given ordinarily constitutes a waiver of the right thereto and complaint cannot be urged for the first time on appeal.
 
 (People
 
 v.
 
 Robinson,
 
 180 Cal.App.2d 745, 752 [4 Cal.Rptr. 679].) Further, the appellant does not even assert that the court’s instructions as given failed to fully cover “any points of law pertinent to the issue.” (See Pen. Code, § 1093 subd. 6.)
 

 
 *806
 
 Appellant’s contention is that the court committed prejudicial error in failing
 
 on its own motion
 
 to give CALJIC instructions numbers 3, 4 and 9. Numbers 3 and 4 set forth general suggestions regarding the manner in which the jury should conduct themselves during their deliberations and number 9 advises that it is not their province to consider the question of punishment in determining the issue of guilt or innocence.
 

 Appellant concedes that he can find no authority for this contention. He cites
 
 People
 
 v.
 
 Scott,
 
 84 Cal.App. 642, 650 [258 P. 638], where the court held that it was not reversible error to refuse an instruction similar to CALJIC 3, even though it had been requested by the defendant. He also cites
 
 People
 
 v.
 
 Selby,
 
 198 Cal. 426, 439 [245 P. 426], which held that an instruction along the lines of CALJIC 4 was proper, and
 
 People
 
 v.
 
 Shannon,
 
 147 Cal.App.2d 300, 306 [305 P.2d 101], wherein the giving of CALJIC 9 was held not to be error. Much of appellant’s argument is directed to the alleged failure of the court to give CALJIC 3 notwithstanding the fact that the record clearly shows that this instruction was requested by the
 
 prosecution
 
 and given by the judge.
 

 While CALJIC 4 and 9 may be helpful guides to the functioning of a jury, failure of a court to give them
 
 sua sponte,
 
 cannot be grounds for reversal where the general principles of law governing the ease were concededly given and the appellant fails to point out how, in fact, he was prejudiced or even how he could have been prejudiced thereby. (Cal. Const., art. VI, § 4%.) The evidence to support the verdict herein was overwhelming. No miscarriage of justice appears nor would it be reasonably probable that the jury’s verdict would have been more favorable to the appellant if such instructions had been given.
 
 (People
 
 v.
 
 Bevins,
 
 54 Cal.2d 71, 77-78 [4 Cal.Rptr. 504, 351 P.2d 776].)
 

 The judgment is affirmed.
 

 Fox, P. J., and Ashburn, J., concurred.