[Crim. No. 19915. Second Dist., Div. Four. Nov. 8, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
JERRY LAVON BLALOCK, Defendant and Appellant.

## COUNSEL

Richard S. Buckley, Public Defender, Harold E. Shabo, Jay C. Weitzler and David A. Sanders, Deputy Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Beverly K. Falk, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**JEFFERSON, Acting P. J.**—A jury found defendant guilty of second degree burglary as charged in count IV of an amended information.[1] A motion for a new trial and probation was denied and defendant was committed to California Youth Authority. Defendant appeals from the judgment of conviction.

On October 20, 1970, Miss Thomas was the owner of a 1959 Pontiac automobile which she parked on Imperial Highway near Compton Avenue. It was approximately 10 p.m. when she left the automobile and she believed she locked it before she left the car.

In the trunk, which was locked, she had a red bumper jack, some mechanical tools and two tool boxes, one large one and a small red tool box. The trunk of the vehicle was locked and could be opened only with a screwdriver; the key would not unlock it.

When Miss Thomas returned the next morning to the location where she had parked her vehicle the car was gone. She had not given anyone permission to remove her automobile.

On October 21 Frank Oliphante was on his job at 92d and Graham Streets near Beach. He observed a 1959 Pontiac which was parked nearby and noticed the defendant and another man standing near the rear of the Pontiac. He also observed that one of the men opened the trunk of the Pontiac with what appeared to be a screwdriver. The defendant and the other person removed the red tool box from the trunk of the car and carried it down an alley and put it on the ground behind a building. They returned to the Pontiac and removed the other tool box and put it on the ground near the first tool box. They lifted the jack out of the trunk and put it on the ground.

Jack Reidy of the Los Angeles Police Department was patrolling eastbound on 92d Street near Beach in a police vehicle. Frank Oliphante told the officer what he had observed and pointed to defendant as one of the men he had seen removing the articles from the trunk of the Pontiac.

Officer Reidy arrested defendant and advised him of his constitutional rights. Defendant said he understood but wanted to make a statement. He told Officer Reidy "I didn't know the car was stolen. I was just helping some other guys unload the tools."

---

[1]Defendant's motion, section 1118.1 of the Penal Code, for an order of acquittal, was granted as to counts I and II; a verdict of acquittal was returned by the jury on count III.

Charles Manuel, a Los Angeles County sheriff's detective had a conversation with defendant after advising him of his constitutional rights. Defendant stated that on October 20 in the early afternoon while he was walking through the alley at 92d and Beach Streets he met three unknown male Negroes who stopped and approached him. One of them asked if he would come with them and remove some property from a vehicle. He stated that he did remove the property with the unknown persons and went home. When he returned to the neighborhood he was arrested.

■ Defendant contends the evidence was insufficient to sustain the conviction of burglary from an automobile. This contention is without merit.

■ We must view the evidence in a light most favorable to the People and presume in favor of the judgment the existence of every fact the trier reasonably could deduce from the evidence.

■ "The People may rely on circumstantial evidence to connect the defendant with the commission of the crime charged and to establish beyond a reasonable doubt that he committed it. [Citations.] ■ If the circumstances reasonably justify the trial court's findings, an appellate court cannot reverse merely because the circumstances might also be reasonably reconciled with a contrary finding. [Citations.] ■ The test on appeal becomes whether substantial evidence supports the conclusion of the trier of fact, not whether the evidence proves guilt beyond a reasonable doubt. [Citations.]" (*People* v. *Mosher,* 1 Cal.3d 379, 395 [82 Cal.Rptr. 379, 461 P.2d 659].)

■ The evidence unequivocally establishes that the automobile burglarized was that of Miss Thomas; the trunk could be opened with a screwdriver and defendant was seen opening the locked trunk with a screwdriver. The trunk contained two tool boxes and a jack; defendant was seen removing the tool boxes and jack from Miss Thomas' Pontiac. The only reasonable inference to be drawn from the evidence was that defendant knew he was removing the tools and jack from the automobile without the owner's consent. The evidence established that the trunk was locked. The entry of the locked trunk of the automobile by defendant for the purpose of theft was a burglary, as defined in section 459 of the Penal Code.[2] (*People* v. *Toomes,* 148 Cal.App.2d 465, 466-467 [306 P.2d 953].) Therefore, we are satisfied that the evidence was amply sufficient to sustain defendant's conviction of burglary second degree.

---

[2]"Every person who enters any . . . vehicle as defined by said code when the doors of such vehicle are locked . . . with intent to commit grand or petit larceny or any felony, is guilty of burglary."

■ Defendant contends that certain instructions to the jury were erroneously given and refused, to the prejudice of defendant. There is no merit in this contention. The court gave the instruction footnoted.[3] Defendant urges that the court should have refused this instruction and given the jury the following instruction: "In order to constitute auto burglary, all the doors and the trunk of an automobile must have been locked." Although, in *Toomes,* the evidence showed that the passenger doors, as well as the trunk door, were locked and the last sentences of that opinion refer to that factual situation, we cannot read *Toomes* as standing only for the limited meaning defendant ascribes to it. It would be ridiculous to make the existence of burglary turn on the locked or unlocked state of an area not involved in the entry. If the entry is made by unlocking the trunk door, it is immaterial that some other door, leading to some other space, was unlocked.

■ Defendant further argues that the court should not have instructed the jury on the subject of admissions.[4] The instruction given was, however, a proper instruction. The court found that defendant had made certain admissions as hereinabove set forth in the fact summary. It is to be noted that defendant did not object when the statements or admissions were received in evidence. He therefore comes too late to argue the admissibility on appeal. (*People* v. *De Santiago,* 71 Cal.2d 18, 22 [76 Cal.Rptr. 809, 453 P.2d 353].)

■ Defendant further contends that there was no evidence of the corpus delicti of a burglary. This contention is also devoid of merit. The evidence reflects that the victim's car was stolen; that it was locked when she parked it; that the trunk containing the tools and jack was locked and it could only be opened with the use of a screwdriver. There was an

---

[3]"Every person who enters any automobile or other motor vehicle when the doors of such vehicle are locked, or who enters the locked portion of the trunk of said vehicle, with the specific intent to unlawfully steal, take and carry away the personal property of another of any value is guilty of burglary, as charged in count IV of the information.

"The essence of a burglary is entering such vehicle with such specific intent, and the crime of burglary is complete as soon as the entry is made, regardless of whether the intent thereafter is carried out."

[4]"A statement made by a defendant other than at his trial may be an admission.

"An admission is a statement by a defendant, which by itself is not sufficient to warrant an inference of guilt, but which tends to prove guilt when considered with the rest of the evidence.

"You are the exclusive judges as to whether an admission was made by the defendant and if the statement is true in whole or in part. If you should find that such statement is entirely untrue, you must reject it. If you find it is true in part, you may consider that part which you find to be true.

"Evidence of an oral admission of the defendant ought to be viewed with caution."

eyewitness who saw defendant open the locked trunk with a screwdriver and remove therefrom the tools and the jack without the victim's permission. These facts clearly establish the corpus delicti of an auto trunk burglary. The general rule is that the corpus delicti may be established when it has been proven that the crime charged was committed, as in the instant case, and proof that the crime was committed by the defendant is not required.

 The corpus delicti may also be established by circumstantial evidence and inferences fairly and reasonably deducible therefrom. It is not essential that direct or positive evidence be produced. (*People* v. *Lombardi,* 205 Cal.App.2d 803 [23 Cal.Rptr. 325].) Once prima facie proof of the corpus delicti has been established, as in the case at bench, statements and admissions of the defendant may be considered in determining whether all elements of the crime have been established. The testimony that we have related, and found necessary to repeat to answer another contention of defendant, more than amply meets the requirement for establishing the corpus delicti here involved, *i.e.,* the entry by someone (in our case, defendant using a screwdriver) into the victim's automobile trunk, when that trunk was locked, with intent to commit theft. (Pen. Code, § 459.)

The judgment of conviction is affirmed.

Kingsley, J., and Dunn, J., concurred.

A petition for a rehearing was denied November 24, 1971, and appellant's petition for a hearing by the Supreme Court was denied January 6, 1972.