[Crim. No. 20689. First Dist., Div. Two. Nov. 18, 1980.]

THE PEOPLE, Plaintiff and Appellant, v.
GERMAN WOODS, JR., Defendant and Respondent.

**COUNSEL**

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, William D. Stein and W. Eric Collins, Deputy Attorneys General, for Plaintiff and Appellant.

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Peter R. Silten, Deputy State Public Defender, for Defendant and Respondent.

## Opinion

TAYLOR, P. J.—The People appeal from a judgment granting defendant's Penal Code section 995 motion to dismiss the first count of the information, which charged him with a burglary of a vehicle (Pen. Code, § 459). The only question on appeal is whether the court below properly concluded that the People had failed to prove an essential element of the offense as defendant entered a vehicle whose doors were locked by reaching into a window that had been left open deliberately. For the reasons set forth below, we have concluded that the judgment must be affirmed.

The pertinent facts as established by the transcript of the preliminary hearing are as follows: On September 22, 1979, as part of a decoy operation, Officer David Fontana of the San Francisco Police Department, placed a coin purse containing $3 and a Pentax camera on the passenger seat of his private automobile, a 1978 Volkswagen. The bills and the camera were marked. Fontana parked the vehicle in a parking lot, locked the doors and rolled up all the windows except for the passenger window which was rolled down approximately five and one-half inches. He did so to provide an exact measure for his testimony and to prevent any damage to his car. Fontana then walked across the street and staked out the car, along with his partner Officer Collins. Both had an unobstructed view. They saw defendant walk towards the car, stop, look around, and then reach in through the passenger window of the vehicle and remove the purse. After emptying the purse, defendant discarded it and then returned to Fontana's car and reached through the window to remove the camera. Defendant was apprehended immediately.

So far as here pertinent, Penal Code section 459 provides: "Every person who enters any... *vehicle*... *when the doors of such vehicle are locked*,... with intent to commit grand or petit larceny or any felony is guilty of burglary...."[1] (Italics added.)

The question is whether the trial court properly concluded that the partially open window prevented the car from being "locked," within the meaning of the statute, as quoted above. The People argue that under a strict construction of the statute, the partially open window was irrelevant, as all of the elements of the offense were satisfied once the People had established that the doors were locked.

[1]The language here in issue was added by Statutes of 1947, chapter 1052, section 1, page 2452.

Generally, this state has defined burglary as entry with the requisite intent, as the common law element of breaking has never been an essential element of the offense (*People* v. *Allison* (1927) 200 Cal. 404, 408 [253 P. 318]). However, where the place entered is a vehicle, the Legislature added another element to the corpus delicti, namely, that the doors of the vehicle "are locked." Thus, where there is no evidence that the doors were locked, although there was broken glass, the elements of the offense are not established (*People* v. *Burns* (1952) 114 Cal.App.2d 566 [250 P.2d 619]). The People's argument overlooks the fact that the statute consistently has been construed in a liberal and common sense manner.

In *People* v. *Toomes* (1957) 148 Cal.App.2d 465 [306 P.2d 953], the court held that the lid of an automobile trunk was a "door," within the meaning of the statute. The court reached its conclusion, after an analysis, that "... a most satisfactory guide to the legislative intention would be the apparent evils sought to be prevented, namely, the *breaking into the interior sections of locked cars.*" (*Toomes, supra,* p. 466; italics added.) The *Toomes* court further noted at page 467 that the purpose of the statute was to "... *make it a more serious offense to break into the interior of a car than to merely steal something from it.*" (Italics added.)

In *People* v. *Massie* (1966) 241 Cal.App.2d 812 [51 Cal.Rptr. 18], the court, following the reasoning of *Toomes, supra,* concluded that the doors of a semitrailer secured with metal seals were "locked," within the meaning of section 459. In addition, the court in *Massie,* at page 817, approved jury instructions challenged by the defendant that the vehicle was locked where "... application of some force was required to break the seal to permit entry to the interior of the vehicle through the door...."

Likewise, in *People* v. *Blalock* (1971) 20 Cal.App.3d 1078 [98 Cal.Rptr. 231], the court disavowed a strict construction of the statute. In sustaining a conviction of second degree burglary of a locked trunk, although the other doors of the vehicle were unlocked, the court commented at page 1083: "It would be ridiculous to make the existence of burglary turn on the locked or unlocked state of an area not involved in the entry."

The trial court here relied on *People* v. *Malcolm* (1975) 47 Cal.App. 3d 217 [120 Cal.Rptr. 667] (which in turn cited *Toomes, supra,* 148

Cal.App.2d 465, *Massie, supra*, 241 Cal.App.2d 812, and *Blalock, supra*, 20 Cal.App.3d 1078) to hold, at page 223, that the "mere happenstance" of a broken wind wing latch of an otherwise locked vehicle did not preclude the application of the statute, as for "all intents and purposes the car in question was locked." More recently, *Malcolm* and its predecessors were summarized as follows: "An essential element of burglary of an automobile set forth in Penal Code section 459 is that the vehicle must be locked." (*In re Charles G.* (1979) 95 Cal.App.3d 62, 65 [156 Cal.Rptr. 832], and dissent at p. 68.) The "mere happenstance" that prevented the vehicle from being tightly secured in *Malcolm* is patently absent in the case at bench. Fontana's uncontroverted testimony indicates his deliberate intent to maintain an aperture of five and one-half inches to prevent any damage to his vehicle and to provide a basis for his testimony. Only an absurd interpretation of the statute would permit such an evasion of the requirement that the entire vehicle be secured insofar as possible.[2] We must refrain from a literal interpretation that would result in absurd consequences (*People v. Camp* (1919) 42 Cal.App. 411, 421 [183 P. 845]). Thus, we conclude that a reasonable interpretation of the statute where the entry occurs through a window deliberately left open, requires some evidence of forced entry before the prosecution's burden of proof is satisfied.

The People's contention that any ambiguity in the statute should be resolved by the Legislature contravenes two other significant principles of statutory construction. First of all, "the Legislature is presumed to have knowledge of existing judicial decisions and to have enacted statutes in the light thereof" (*Estate of Hoegler* (1978) 82 Cal.App.3d 483, 489 [147 Cal.Rptr. 289]). Where the Legislature amended Penal Code section 459 both in 1977 and 1978, without altering the language in light of the decisions in *Toomes, Massie, Blalock*, and *Malcolm*, all *supra*, it may be presumed that such action (or inaction) was deliberate.[3]

---

[2]We are, of course, not faced with justifiable reasons that prevented total closure, such as leaving a crack open for air circulation or broken window latch.

[3]For instance, if the Legislature agreed with the People's interpretation, Penal Code section 459 could have been amended to read that auto burglary consisted of entry of a vehicle without breaking but with the requisite intent (see *People v. Romero* (1972) 179 Colo. 159 [499 P.2d 604, 605]). But compare *Smith v. First Judicial District Court* (1959) 75 Nev. 526 [347 P.2d 526], holding that reaching into the open portion of a pickup is not "an entry" where a statute described the crime as entry with the requisite intent.

■ Furthermore, pursuant to Penal Code section 4 (set forth below)⁴ the California Supreme Court has clearly stated that "It is the policy of this state to construe a penal statute as favorably to the defendant as its language and the circumstances of its application may reasonably permit; just as in the case of a question of fact, the defendant is entitled to the benefit of every reasonable doubt as to the true interpretation of words or the construction of language used in a statute." (*Keeler* v. *Superior Court* (1970) 2 Cal.3d 615, 631 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420]; *Bowland* v. *Municipal Court* (1976) 18 Cal.3d 479, 487-488 [134 Cal.Rptr. 630, 556 P.2d 1081].)

We conclude, therefore, that the judgment must be and is affirmed.

Rouse, J., and Smith, J., concurred.

---

⁴"The rule of the common law, that penal statutes are to be strictly construed, has no application to this code. All its provisions are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice."