[No. B136331. Second Dist., Div. Three. Jan. 30, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
KEVIN ALLEN, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

_____

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part III.B.

**COUNSEL**

Judith Kahn, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Mary Sanchez and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**ALDRICH, J.—**

## I. INTRODUCTION

Appellant and defendant Kevin Allen appeals from the judgment entered following a jury trial that resulted in his conviction of second degree burglary of a vehicle, auto burglary (Pen. Code, § 459), and breaking or removing vehicle parts, auto tampering (Veh. Code, § 10852). Appellant was sentenced to a total prison term of six years.

In the published portion of this opinion (pts. I, II, III.A, and IV), we address what appears to be a case of first impression. We are called upon to decide whether a person has committed auto burglary (Pen. Code, § 459) when that person has gained access to a vehicle's trunk by opening an unlocked passenger door and thereafter lifting a trunk latch. We conclude such a person has not entered a "vehicle . . . when the doors are locked." Thus, in this case, appellant was improperly convicted of auto burglary and the trial court erred in denying his motion for acquittal. (Pen. Code, § 1118.1.)

In the unpublished portion of this opinion (pt. III.B), we find unpersuasive appellant's contention that the trial court erred in denying his *Wheeler*[1] motion.

We reverse the judgment on count 1, auto burglary (Pen. Code, § 459), and remand for resentencing. In all other respects, the judgment is affirmed.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Facts.*

On June 11, 1999, between 6:30 and 7:30 p.m., James Patrick Costello parked his four-door Toyota near Selma and Ivar Avenues in Hollywood. Costello had been in that location hundreds of times. When Costello left the car, the windows were rolled up, the doors were closed, and the trunk was shut. The windows were not broken. The door locks were broken and thus, could not be locked. The trunk compartment was not accessible from the outside. The trunk lock was broken and could not be opened with a key. To access the interior of the trunk, one had to pull a latch located inside the passenger compartment on the driver's side, underneath the seat. When the latch was pulled, the trunk lid would "pop" open. The latch did not require the use of a key. To locate the latch, the driver's door had to be open. Costello did not keep anything of value in the passenger compartment of his Toyota. His golf clubs and golf shoes were in the trunk.

Around 10:00 p.m. that evening, Jose Mauricio Torres saw appellant walking back and forth near Costello's Toyota. Appellant was looking in different directions. Torres went to the nightclub where he was working and summoned the manager.

Torres and the manager walked out of the club and onto the street. At first, they did not see appellant. Moments later, the Toyota's trunk lid opened and appellant exited the car on the passenger's side. Appellant went to the trunk, stooped down, and appeared to take something from the trunk. Appellant closed the trunk lid and walked away. Appellant had opened the trunk by pulling the latch located under the driver's seat.

Police summoned to the scene found appellant in the area. Appellant did not have any burglary tools.

Costello returned to his car around midnight. Nothing was missing from inside the vehicle or from inside the trunk.

---

[1] *People v. Wheeler* (1978) 22 Cal.3d 258 [148 Cal.Rptr. 890, 583 P.2d 748] (*Wheeler*).

B. *Procedure.*

Appellant was charged in count 1 with auto burglary (Pen. Code, § 459) and in count 2 with auto tampering. (Veh. Code, § 10852.) The information also alleged that appellant had served five prior prison terms. (Pen. Code, § 667.5, subd. (b).) Trial was by jury. At the end of the prosecution case, appellant made a motion of acquittal pursuant to Penal Code section 1118.1 as to the charge of auto burglary. The motion was denied. Appellant was convicted as charged. In a bifurcated proceeding, appellant admitted he had served three prior prison terms. (Pen. Code, § 667.5, subd. (b).)

Appellant was sentenced to a total prison term of six years, consisting of three years for the auto burglary, plus three years for the prior convictions. The six-month sentence as to auto tampering was stayed.

## III. DISCUSSION

A. *Appellant's actions did not constitute auto burglary. The trial court erred in denying appellant's motion of acquittal.*

Appellant contends the trial court erred in denying his motion of acquittal (Pen. Code, § 1118.1), which was made only as to the charge of auto burglary. (Pen. Code, § 459.)[2] As appellant must admit, the evidence showed that he entered Costello's car through unlocked doors, he pulled the trunk release latch, thereby opening the trunk lid, and then he reached into the trunk. He argues such actions cannot, as a matter of law, constitute the crime of auto burglary. (Pen. Code, § 459.) This argument is persuasive.

Under Penal Code section 1118.1 the court "shall order the entry of a judgment of acquittal of one or more of the offenses charged in the accusatory pleading if the evidence then before the court is insufficient to sustain a conviction of such offense or offenses on appeal." "[T]he 'test to be applied by the trial court under the section is . . . the same test applied by an appellate court in reviewing a conviction: whether from the evidence, including reasonable inferences to be drawn therefrom, there is any substantial evidence of the existence of each element of the offense charged [citations].' [Citations.]" (*People v. Lines* (1975) 13 Cal.3d 500, 505 [119 Cal.Rptr. 225, 531 P.2d 793]; *People v. Cuevas* (1995) 12 Cal.4th 252, 261 [48 Cal.Rptr.2d 135, 906 P.2d 1290].) Substantial evidence is "evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.]"

---

[2]Appellant does not contest his conviction for violating Vehicle Code section 10852, auto tampering.

(*People v. Stanley* (1995) 10 Cal.4th 764, 792 [42 Cal.Rptr.2d 543, 897 P.2d 481].)

 "Generally, this state has defined burglary as entry with the requisite intent, as the common law element of breaking has never been an essential element of the offense [citation]. However, where the place entered is a vehicle, the Legislature added another element to the corpus delicti, namely, that the doors of the vehicle 'are locked.' " (*People v. Woods* (1980) 112 Cal.App.3d 226, 229 [169 Cal.Rptr. 179].) Auto burglary can be committed only by entering a locked vehicle without the owner's consent. (*People v. Mooney* (1983) 145 Cal.App.3d 502, 505 [193 Cal.Rptr. 381].) Penal Code section 459 defines burglary as "[e]very person who enters any house, room, apartment, . . . *vehicle* as defined by the Vehicle Code, *when the doors are locked,* . . . with intent to commit grand or petit larceny or any felony. . . ." (Italics added.)[3]

 In construing Penal Code section 459, as with other penal statutes, " '[i]t is the policy of this state to construe [it] as favorably to the defendant as its language and the circumstances of its application may permit; . . . the defendant is entitled to the benefit of every reasonable doubt as to the true interpretation of words or the construction of language used in a statute.' [Citations.]" (*People v. Woods, supra,* 112 Cal.App.3d at p. 231; *People v. Franklin* (1999) 20 Cal.4th 249, 253 [84 Cal.Rptr.2d 241, 975 P.2d 30]; *People v. Valencia* (2000) 82 Cal.App.4th 139, 145 [98 Cal.Rptr.2d 37].)

 We begin the analysis by acknowledging that the trunk is considered a separate part of the vehicle and illegal entries therein will result in an auto burglary. "The trunks or luggage compartments of automobiles are fitted with locks for the very reason that they furnish a convenient place for the carrying of things of value." (*People v. Toomes* (1957) 148 Cal.App.2d 465, 466 [306 P.2d 953].) The purpose of Penal Code section 459 can only be served by denouncing as a felony entry into a locked trunk compartment, in addition to those entries accomplished by breaking or opening locks of a car's side doors. (*Ibid.* [burglary when defendant uses tire iron rim and

---

[3]Penal Code section 459 reads in part: "*Every person who enters any house, room, apartment,* tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, as defined in Section 21 of the Harbors and Navigation Code, floating home, as defined in subdivision (d) of Section 18075.55 of the Health and Safety Code, railroad car, locked or sealed cargo container, whether or not mounted on a vehicle, trailer coach, as defined in Section 635 of the Vehicle Code, any house car, as defined in Section 362 of the Vehicle Code, inhabited camper, as defined in Section 243 of the Vehicle Code, *vehicle* as defined by the Vehicle Code, *when the doors are locked,* aircraft as defined by Section 21012 of the Public Utilities Code, or mine or any underground portion thereof, *with intent to commit grand or petit larceny or any felony is guilty of burglary.*" (Italics added.)

screwdriver to open trunk]; *People v. Blalock* (1971) 20 Cal.App.3d 1078 [98 Cal.Rptr. 231] [burglary of trunk].)

Further, a burglary occurs when there is an illegal entry into a locked trunk, even if the side doors are not locked. (*People v. Blalock, supra,* 20 Cal.App.3d at p. 1083.) The existence of a burglary does not "turn on the locked or unlocked state of an area not involved in the entry. If the entry is made by unlocking the trunk door, it is immaterial that some other door, leading to some other space, was unlocked." (*Ibid.*; cf. *People v. Massie* (1966) 241 Cal.App.2d 812 [51 Cal.Rptr. 18] [doors of semitrailer secured with metal seals were "locked" even though the doors of the truck-tractor to which the semitrailer had been attached were not locked].)

Thus, this case turns on whether Costello's vehicle and its trunk were "locked" within the meaning of Penal Code section 459.

A clear example of an illegal entry into a "locked" vehicle is when a trunk lock, the securing device, is manipulated by a tool, such as a screwdriver. (E.g., *People v. Toomes, supra,* 148 Cal.App.2d 465 [tire rim and screwdriver used to open trunk lock]; *People v. Blalock, supra,* 20 Cal.App.3d 1078.) Another such example is when the doors of semitrailers are secured by metal clips and strips of pliable metal going around the door handles and through the clips, and the seals are broken to gain access to the trailers' doors. (*People v. Massie, supra,* 241 Cal.App.2d 812.) In examining such cases, courts focus on the whether the securing devices, or parts of the vehicle, are broken or destroyed, such as when a window is smashed. (Cf. *People v. Mooney, supra,* 145 Cal.App.3d at p. 505.) In these situations, the courts frequently borrow dictionary definitions of the term "lock." They define "lock" as " ' "to make fast by the interlinking or interlacing of parts . . . [such that] some force [is] required to break the seal to permit entry . . . ." " ' [Citation.] [It has also been defined as] '. . . An appliance for fastening a door, lid, etc., consisting of a bolt (or system of bolts) with mechanism by which it can be propelled and withdrawn by means of a key or similar instrument.' [Citation.]" (*In re Lamont R.* (1988) 200 Cal.App.3d 244, 247 [245 Cal.Rptr. 870]; accord, *People v. Massie, supra,* 241 Cal.App.2d at p. 817.)

However, applying a mechanical, literal, or dictionary interpretation of the term "lock" may be unwarranted and lead to illogical conclusions. (*People v. Malcolm* (1975) 47 Cal.App.3d 217, 223 [120 Cal.Rptr. 667]; *People v. Woods, supra,* 112 Cal.App.3d at p. 229.) We must use a liberal and commonsense approach to ascertain if a particular act constitutes a vehicle burglary within the confines of Penal Code section 459. (*People v. Malcolm,*

*supra,* at p. 223.) This criminal statute is to be construed flexibly in light of the legislative objective to make it more serious to break into the interior sections of locked cars than merely stealing from them. (*Ibid.*; *People v. Toomes, supra,* 148 Cal.App.2d at pp. 466-467; *In re Lamont R., supra,* 200 Cal.App.3d at p. 247.)

The definition of the term "lock" must be formulated in accordance with the circumstances. To constitute a burglary, "neither forced entry in the usual sense of the word nor use of burglar tools [is required]." (*In re Charles G.* (1979) 95 Cal.App.3d 62, 67 [156 Cal.Rptr. 832].) Thus, for example, in *People v. Malcolm, supra,* 47 Cal.App.3d 217, there is a burglary in the following situation: all doors of the victim's car are locked with a key; all of the car's windows are rolled up and closed; the left front wind wing lock is broken preventing the wind wing from being locked; and a perpetrator gains entry into the passenger compartment by pushing open the wind wing, reaching inside the car, and opening the door. "By mere happenstance, one wind wing was faulty and could not be tightly secured, thereby allowing the defendant to gain entrance into the car." (*Id.* at p. 223.) There was a burglary in *Malcolm,* because entry was obtained through a wind wing, a part of the car not designed to allow access to the vehicle's interior compartments, the owner reasonably expected any belongings inside the car to be secure, a commonsense examination of the situation requires that result, and the statute is to be construed flexibly.

When, however, the window of a vehicle is purposefully left accessible to invasion, and therefore no one would believe items left in the car are secure, some type of forced entry is required. (*People v. Woods, supra,* 112 Cal.App.3d at p. 230.) For example, there is no burglary when police officers, as part of a decoy operation, have locked the doors of a car, and have rolled up the windows, except a passenger window has been purposefully left open five and one-half inches, and the defendant has gained access by reaching into the car through the open window. (*People v. Woods, supra,* at p. 226.)

Further, there is no unlocking when the perpetrator removes an improvised, makeshift contraption placed around the vehicle. For example, in *In re Lamont R., supra,* 200 Cal.App.3d 244, a police officer discovered a trailer was open. The officer "closed the [trailer] doors, wrapped two chains around each other and hooked them into opposite bolts." (*Id.* at p. 247.) Thereafter, the juvenile defendant and another male "unhooked the chains, unfastened the latches and pulled open the door." (*Ibid.*) There was no burglary because the juvenile defendant "used no pressure; he broke no seal; he disengaged no mechanism that could reasonably be called a lock." (*Id.* at p. 248.) The

improvised chain and hook contraption did not constitute a lock. The juvenile defendant had not manipulated a device designed by the manufacturer to secure the vehicle. (Cf. *In re Young K.* (1996) 49 Cal.App.4th 861 [57 Cal.Rptr.2d 12] [stealing headlights off a parked car was not auto burglary; headlamp housings can be "entered" without regard to whether the car is locked].)

Here, when the facts are viewed in a commonsense manner, they do not support a conviction of auto burglary. (Pen. Code, § 459.) Appellant did not use any force. He did not use any tools. Appellant did not alter the vehicle's closed state by breaking any device designed by the manufacturer to secure the vehicle. He did not interfere with Costello's reasonable belief that the belongings were secure in the trunk because, in fact, Costello had no such belief.

Appellant gained access to the passenger compartment of Costello's vehicle by opening unlocked doors. Apparently, appellant simply pushed in the button on the door handle. He broke no mechanism. He broke no seal. He used no force. He used no tool. He did not destroy or alter the vehicle in any way. He did not use a key. Appellant entered a compartment that Costello knew was openly accessible to the world. The passenger compartment was deliberately left accessible. As the People must concede, if that was all that occurred, there would be no burglary.

However, here, there was a second "entry." After appellant gained access to the passenger compartment, he entered Costello's trunk by using the trunk latch located under the driver's seat. To do so, appellant simply lifted the latch in the exact manner in which that device was designed to operate by the manufacturer. The latch was pulled up and the trunk opened.[4] Appellant was able to reach the trunk latch, and thereafter the trunk, because they were deliberately left penetrable. Legally, appellant's actions with respect to the trunk were no different from the actions he had used to gain access to the passenger compartment. Pulling up on the trunk latch was no different from pushing in the button on the door handle.

Further, Costello understood that the trunk and the passenger compartment were readily accessible to invasion. It was not happenstance. It would have been unreasonable for Costello to believe that the trunk compartment was secure. (Cf. *People v. Woods, supra,* 112 Cal.App.3d 112.)

A commonsense construction of the facts and a liberal interpretation of the law, construed in favor of appellant, lead to the conclusion that there was no

---

[4]The fact that the latch was designed to permit access to the trunk distinguishes this case from *People v. Malcolm, supra,* 47 Cal.App.3d 217. In *Malcolm,* the doors of the vehicle were locked and access was gained through a wind wing, an item not designed to enable access.

invasion into a "locked" vehicle. Appellant did not commit auto burglary (Pen. Code, § 459) and therefore, the trial court erred in denying his motion for acquittal as to count one. (Pen. Code, § 1118.1.)

B. *The trial court did not err in denying appellant's Wheeler motion.*\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

## IV. DISPOSITION

The judgment of conviction on count 1, auto burglary (Pen. Code, § 459) is reversed. The matter is remanded to the trial court for resentencing. In all other respects, the judgment is affirmed.

Klein, P. J., and Croskey, J., concurred.

A petition for a rehearing was denied February 21, 2001, and respondent's petition for review by the Supreme Court was denied May 2, 2001. Werdegar, J., was of the opinion that the petition should be granted.

---

\*See footnote, *ante*, page 909.