[No. D040216. Fourth Dist., Div. One. May 20, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
FERMIN RIVERA, Defendant and Appellant.

1242

**COUNSEL**

Daniel J. Kessler, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, and Angela M. Borzachillo, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

HUFFMAN, J.—After the court denied a motion for acquittal (Pen. Code, § 1118.1),[1] a jury convicted Fermin Rivera of auto burglary. (§ 459.) He admitted serving a prior prison term. (§§ 667.5, subd. (b), 668.) The court sentenced him to prison for three years: the two-year middle term for burglary, enhanced one year for the prior prison term. Rivera contends the trial court erred in denying the motion for acquittal and there is insufficient evidence to support the conviction.

### FACTS

Between 1:00 a.m. and 2:00 a.m. on January 9, 2002, San Diego Police Officer Richard Widner responded to a reported vehicle break-in. He saw Rivera and a companion sitting in a parked Ford Escort. Rivera came out of the Ford and threw some papers and a screwdriver to the ground. The window of the car was broken out and its interior was in disarray. Rivera turned and ran. Officers apprehended him in an alley near the parked Ford.

The owner of the Ford was not available to testify. His friend testified she had been with him during the afternoon before the break-in and the car's window was not broken.

### DISCUSSION

"In a case tried before a jury, the court on motion of the defendant or on its own motion, at the close of the evidence on either side and before the case is submitted to the jury for decision, shall order the entry of judgment of acquittal of one or more of the offenses charged in the accusatory pleading if the evidence then before the court is insufficient to sustain a conviction of such offense or offenses on appeal." (§ 1118.1.)

Section 459 provides in pertinent part that "[e]very person who enters any . . . vehicle . . . when the doors are locked . . . with intent to commit grand or petit larceny or any felony is guilty of burglary." Relying on *People v. Woods* (1980) 112 Cal.App.3d 226, 229 [169 Cal.Rptr. 179] (*Woods*),[2] citing *People v. Burns* (1952) 114 Cal.App.2d 566 [250 P.2d 619] (*Burns*), Rivera argues the conviction must be reversed because there was no evidence here that the Ford Escort was locked. He argues because the car

---

[1] All statutory references are to the Penal Code.

[2] In *Woods*, as part of a sting operation, the car doors were locked but a window was deliberately left open. The court found insufficient evidence to support a conviction of auto burglary. (*Woods, supra,* 112 Cal.App.3d at p. 230.)

owner did not testify the car was locked when broken into, substantial evidence does not support the verdict.

■ Substantial evidence is evidence of legal significance, reasonable in nature, credible and of solid value. (*People v. Samuel* (1981) 29 Cal.3d 489, 505 [174 Cal.Rptr. 684, 629 P.2d 485].) The court must review the entire record in the light most favorable to the judgment below and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. If the evidence permits a reasonable trier of fact to conclude the charged crime was committed, the opinion of a reviewing court that the circumstances may also be reconciled with a contrary finding will not warrant reversal. (See *Jackson v. Virginia* (1979) 443 U.S. 307, 318-319 [99 S.Ct. 2781, 2788-2789, 61 L.Ed.2d 560].)

■ In *Burns*, police found the defendant inside a parked car. The windwing was broken and broken glass was on the seat and running board. The reviewing court reversed an auto burglary conviction in part because there was insufficient evidence the car was locked. The court said: "The fact that the windwing was broken and glass was on the front seat was not proof that the doors of the Buick were locked, and an inference could not be drawn from that fact that the doors were locked. There was no evidence as to the condition of the windwing at the time the Buick was left at the parking place—the broken condition could have been caused in various ways not related to the alleged burglary. The evidence was insufficient to support a finding that the doors of the Buick were locked." (*Burns, supra,* 114 Cal.App.2d at p. 570.)

The People argue that the reviewing court in *Burns* was wrong when it found a broken window is not evidence that the car doors were locked. We agree with the People's position. ■ "Direct evidence is that which is applied to the fact to be proved, immediately and directly, and without the aid of any intervening fact or process: as where, on a trial for murder, a witness positively testifies he saw the accused inflict the mortal wound, or administer the poison. Circumstantial evidence is that which is applied to the principal fact, indirectly, or through the medium of other facts, from which the principal fact is inferred. The characteristics of circumstantial evidence, as distinguished from that which is direct, are, first, the existence and presentation of one or more evidentiary facts; and, second, a process of inference, by which these facts are so connected with the fact sought, as to tend to produce a persuasion of its truth." (*People v. Goldstein* (1956) 139 Cal.App.2d 146, 152-153 [293 P.2d 495].)

■ As noted above, we cannot reverse on the ground of insufficient evidence unless there is no reasonable hypothesis supporting the verdict.

(See *People v. Bolin* (1998) 18 Cal.4th 297, 331 [75 Cal.Rptr.2d 412, 956 P.2d 374].)

CALJIC No. 2.01 instructs the jury on the use of circumstantial evidence. It provides: "However, a finding of guilt as to any crime may not be based on circumstantial evidence unless the proved circumstances are not only (1) consistent with the theory that the defendant is guilty of the crime, but (2) cannot be reconciled with any other rational conclusion. [¶] Further, each fact which is essential to complete a set of circumstances necessary to establish the defendant's guilt must be proved beyond a reasonable doubt. In other worlds, before an inference essential to establish guilt may be found to have been proved beyond a reasonable doubt, each fact or circumstance on which the inference necessarily rests must be proved beyond a reasonable doubt. [¶] Also, if the circumstantial evidence [as to any particular count] permits two reasonable interpretations, one of which points to the defendant's guilt and the other to his innocence, you must adopt that interpretation that points to the defendant's innocence, and reject that interpretation that points to his guilt. [¶] If, on the other hand, one interpretation of this evidence appears to you to be reasonable and the other interpretation to be unreasonable you must accept the reasonable interpretation and reject the unreasonable."

It is not rational to conclude the car here was not locked. It was uncontested that when police arrived during the burglary, the car window had been broken and it was not broken six or eight hours earlier. It is not rational to conclude someone would break a car window in the early morning hours in order to enter a car that is unlocked. Substantial circumstantial evidence supports the finding necessary to a conviction that the car was locked when the entry occurred.

## DISPOSITION

The judgment is affirmed.

Kremer, P. J., and O'Rourke, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 10, 2003. Kennard, J., was of the opinion that the petition should be granted.