Filed 12/9/13  P. v. Farias CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G047674 |
| v. | (Super. Ct. No. 11CF0716) |
| EDGAR JESUS FARIAS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, John Conley, Judge.  Affirmed.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Adrianne S. Denault, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Edgar Jesus Farias of second degree vehicle burglary (Pen. Code, §§ 459-460, subd. (b), count 1; all further statutory references are to this code unless otherwise indicated) and street terrorism (§ 186.22, subd. (a), count 3.)  It further found he committed the burglary to promote, further, or assist criminal street gang activity (§ 186.22, subd. (b)(1)).  The court sentenced him to state prison for three years and four months (16 months on for the burglary and two years consecutively for the gang enhancement).

Defendant's appeal raises three issues:  (1) the evidence fails to support the vehicle burglary conviction because there was insufficient evidence the vehicle was locked; (2) the court erred in admitting evidence that defendant's companion in committing the crimes was carrying a gun; and (3) insufficient evidence supports the gang charge or the gang enhancement.  We disagree with his contentions and affirm the judgment.

FACTS

Early in the morning, Santa Ana police received a report of a possible vehicle burglary.  Officer David Prewett responded and saw two men, later identified as defendant and Israel Sanchez.  After Prewett shined his car spotlight on the two, Sanchez dropped an object; Prewett subsequently discovered the object was a handgun.  After other officers arrived and assisted in detaining defendant and Sanchez, defendant was found to possess various items that had been taken from a truck belonging to Marco Batalla.  One of the truck's windows was shattered and the stereo was missing.

DISCUSSION

*1. Sufficient evidence supports defendant's conviction of vehicle burglary.*

Section 459's definition of burglary includes entering "any . . . vehicle . . . when the doors are locked . . . with intent to commit grand or petit larceny or any felony . . . ." There was no direct evidence the truck had been locked before the burglary, however there was evidence that a window had been broken. Relying on *People v. Burns* (1952) 114 Cal.App.2d 566 (*Burns*), defendant argues this is insufficient. The Attorney General argues that the breaking of the window provides sufficient circumstantial evidence that the vehicle was locked.

In *Burns*, the court reversed a conviction for vehicle burglary where there was no direct evidence the vehicle had been locked, although the evidence did show that a "windwing" window was broken. In a rather cursory opinion, the court stated: "The fact that the windwing was broken and glass was on the front seat was not proof that the doors of the Buick were locked, and an inference could not be drawn from that fact that the doors were locked. There was no evidence as to the condition of the windwing at the time the Buick was left at the parking place – the broken condition could have been caused in various ways not related to the alleged burglary. The evidence was insufficient to support a finding that the doors of the Buick were locked." (*Burns, supra,* 114 Cal.App.2d at p. 570.)

We disagree with this holding. The fact a window was broken supports an inference defendant used this means to enter the vehicle and that this manner of entry would have been unnecessary unless the vehicle was locked. "In reviewing the sufficiency of evidence to support a conviction, we examine the entire record and draw all reasonable inferences therefrom in favor of the judgment to determine whether there is reasonable and credible evidence from which a reasonable trier of fact could find the

3

defendant guilty beyond a reasonable doubt. [Citation.] Our review is the same in a prosecution primarily resting upon circumstantial evidence. [Citation.] We do not reweigh the evidence or the credibility of witnesses. [Citation.] We must accept logical inferences that the jury might have drawn from the evidence although we would have concluded otherwise. [Citation.] 'If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding.' [Citation.]" (*People v. Ogg* (2013) 219 Cal.App.4th 173, 180.)

As the Attorney General points out, this case is similar to *People v. Rivera* (2003) 109 Cal.App.4th 1241 (*Rivera*). There a police officer found defendants inside a car with a broken window, but no direct evidence that the car had been locked. As distinguished from the present case there was evidence in *Rivera* that the car window had not been broken six or eight hours earlier. No such evidence was presented here. Nevertheless we do not view the absence of such evidence fatal to the conviction. A car window does not generally break without a human applying force to it. The jury could infer that defendant here, who was found in possession of some of the vehicle's contents, who either applied or participated in applying such force. And, as noted, it was similarly a permissible inference that the reason he did so was because the vehicle was locked.

As the court noted in *Rivera*, "we cannot reverse on the ground of insufficient evidence unless there is no reasonable hypothesis supporting the verdict." (*People v. Rivera, supra,* 109 Cal.App.4th at p. 1244.) And "[i]t is not rational to conclude someone would break a car window in the early morning hours in order to enter a car that is unlocked. Substantial circumstantial evidence supports the finding necessary to a conviction that the car was locked when entry occurred." (*Id*. at p. 1245.)

4

*2. The trial court did not err in admitting evidence defendant's cohort was carrying a gun.*

Defendant does not argue the evidence that his companion carried a gun was not relevant. He implicitly acknowledges that the evidence was relevant to prove both the substantive gang crime and the gang enhancement. He claims the evidence was "only minimally probative on the gang enhancement issues and it was highly prejudicial." His attack on the admission of this evidence is based on Evidence Code section 352. That statute provides in part: "The court in its discretion may exclude evidence if its probative value is substantially outweighed by the probability that its admission will . . . (b) create substantial danger of undue prejudice."

A trial court's decision to exclude evidence under Evidence Code section 352 is reviewed for an abuse of discretion. (*People v. Avila* (2006) 38 Cal.4th 491, 578; *People v. Rodriguez* (1999) 20 Cal.4th 1, 9–10.) After fairly extensive argument by counsel on defendant's in limine motion to exclude evidence of the gun, the court stated, "The court is going to permit the fact that the co-defendant . . . had a gun. It shows, it is some evidence of active participation. It's some evidence that they were out doing something for the gang, not just for totally private purpose. As I read the prosecutor's trial brief, the thought struck me, well, how was this gang involved? Maybe a guy needed a radio and decided to get it the quick way. How does that benefit the gang? What does that prove? And I think a jury may have some of the same questions. [¶] The court is concerned about 352, but I would cite . . . [*People v. Gionis* (1995)] 9 Cal.4th [1196], which indicates that all sorts of evidence that is probative, may be prejudicial. And . . . 352 is designed for something which proves very little, but has a high negative impact. And I don't find that to be the case here."

In *People v. Gionis, supra,* 9 Cal.4th 1196, where our Supreme Court considered the admissibility of incriminating statements defendant made more than a year

before the assault which was the subject of the action. The court stated, "'The prejudice which exclusion of evidence under Evidence Code section 352 is designed to avoid is not the prejudice or damage to a defense that naturally flows from relevant, highly probative evidence. "[A]ll evidence which tends to prove guilt is prejudicial or damaging to the defendant's case. The stronger the evidence, the more it is 'prejudicial.' The 'prejudice' referred to in Evidence Code section 352 applies to evidence which uniquely tends to evoke an emotional bias against the defendant as an individual and which has very little effect on the issues. In applying section 352, 'prejudicial' is not synonymous with 'damaging.'" [Citation.]' [Citation.]" (*Id.* at p. 1214, italics omitted.) We cannot conclude that the introduction of evidence of possession of a gun in this case qualifies as ""uniquely tend[ing] to evoke an emotional bias against the defendant as an individual and which has very little effect on the issues."'" (*Ibid.*) Therefore, the trial court did not abuse its discretion.

*3. Substantial evidence supports the gang charges.*

Defendant claims there was insufficient evidence to support the gang charges. We only need to summarize the testimony of the gang expert to show this argument must fail.

Santa Ana Police Officer Gerardo Zuniga testified as a gang expert. No question has been raised about his qualifications as an expert. He testified that weapons are vitally important to criminal street gangs and that such guns are generally not owned by a specific gang member, but rather are available to any member of the gang. Frequently members of criminal gangs commit their crimes in association with other members of the same gang. He described a group identified as SAS, SASK, or SASC, which stands for Santa Ana Stoners, Sick Ass Stoners, and Smoking all Snitches. The "K" or "C" stands for "Krew" or "Crew." The group has 30 to 40 members. Zuiniga

6

testified that the group, which he characterized as a "gang," engages in robberies and felony firearm possession. The Seattle Mariners logo baseball cap, which has a large "S", is used by the gang members to identify themselves.

Gang members would commit an automobile burglary to sell the items stolen. Whatever is gained from the crimes is shared with the gang. Zuiniga identified two active members of the gang having been convicted of stealing a motor vehicle and robbery. Defendant was identified in connection with SAS graffiti in two instances. A baseball cap and a shot glass with the letters "SAS" were found in defendant's room. Based on these facts, Zuiniga opined that defendant was an active member of SAS. The prosecutor then presented a hypothetical question based on the facts of this case. Zuiniga expressed the opinion that the crime would have been committed for the benefit of or in association with, the criminal street gang and that the vehicle burglary would have promoted, furthered, or assisted the gang.

In support of his argument, defendant notes that evidence of such gang affiliation as gang tattoos and admission of gang membership were missing. But not every case must necessarily rely on the same evidence. The expert testimony was sufficient. There was sufficient evidence that SAS is a criminal street gang, the vehicle burglary was related to activities of the gang, and defendant actively participated in that gang. In reviewing a challenge to the sufficiency of the evidence, we consider whether a rational jury "'could have found the essential elements of the crime beyond a reasonable doubt.'" (*People v. Gamez* (1991) 235 Cal.App.3d 957, 977, disapproved on another point in *People v. Gardeley* (1996) 14 Cal.4th 605, 624, fn. 10.)

DISPOSITION

The judgment is affirmed.


                                   RYLAARSDAM, ACTING P. J.

WE CONCUR:


MOORE, J.


THOMPSON, J.